IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRANCE POSEY | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:19-CV-02704 |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | |
| | § | (JURY) |
| Defendant. | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation ("Defendant"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 133rd District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof shows as follows:

**A.      Introduction**

1.      Plaintiff Terrance Posey ("Plaintiff") commenced this lawsuit against Defendant in the 133rd District Court of Harris County, Texas, by filing his Original Petition on or about June 6, 2019.  A true and correct copy of the Original Petition is attached hereto as Exhibit "A." Plaintiff served the Original Petition on Defendant on or around June 24, 2019.  Defendant filed its Answer, Special Exceptions, and Jury Demand on July 11, 2019, true and correct copies of which are attached hereto as Exhibit "B."

2.      Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3.     Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing resulting from the alleged conduct of Defendant.  Plaintiff's claims arise under a homeowner's policy of insurance issued by Defendant on certain property owned by Plaintiff, located in Harris County, Texas, which is alleged to have been damaged by Hurricane Harvey on or about August 22-29, 2017.

**B.     Jurisdiction & Removal**

4.     In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5.     Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas.  Defendant is a corporation organized under the laws of the State of Massachusetts with its principal place of business located in Boston.

6.      In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332.  Here Plaintiff, in accordance with the pleading requirements of Texas State Courts, has expressly pleaded that he seeks monetary relief "over $100,000.00, but not more than $200,000."  *See* Exhibit A at ¶ 4.  The sum claimed by a plaintiff controls the court's "amount in controversy" analysis.  *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 607 (N.D. Tex. 2006) *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also St. Paul Reinsurance Company, Ltd. v. Greenberg,*

134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995).  In general, the court will look to the plaintiff's complaint regarding the pleaded amount in controversy, but the court is also free to look to other information before the court, including any discovery material and affidavits.  *Id.*

7.      If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.  *Id.*  Here, the combination of Plaintiff's allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

8.      Here, Plaintiff is suing for benefits afforded to him under Defendant's homeowners insurance policy, which provides $147,400.00 in coverage to Plaintiff's property.  *See* a copy of the declarations page for the insurance policy at issue in this case, attached at Exhibit "C."  In any first party insurance action, the amount of contract damages can be up to the insured amount.  In addition, Plaintiff's pleading states that he is also seeking exemplary damages and/or treble damages and attorneys' fees.  *See* Exhibit A at ¶¶21-24.  Thus, it is clear the types of damage he is seeking, when considered jointly, put him well above the jurisdictional minimum.  Taking all of the allegations together, Defendant has ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.  For these reasons, Defendant believes it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00.

9.      Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

10.     Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 133rd District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

11.     Attached hereto are all documents required by 28 U.S.C. § 1446(a).

12.     Defendant demanded a jury in the state court action.  Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure.

13.     All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Defendant Liberty Insurance Corporation hereby removes the above-captioned matter, now pending in the 133rd District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

/s/ *J. Mark Kressenberg*_____
J. Mark Kressenberg, Attorney in Charge
JKressenberg@sheehyware.com
Fed. Adm. No. 7793
Texas State Bar No. 11725900
Teresa E. Porter
Tporter@sheehyware.com
Fed. Adm. No. 3070355
Texas State Bar No. 24076631
909 Fannin Street
Two Houston Center, Suite 2500
Houston, Texas 77010-1003
713-951-1000
713-951-1199 (facsimile)

**ATTORNEYS FOR DEFENDANT LIBERTY INSURANCE CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 23rd day of July, 2019 to the following counsel of record:

Noah M. Wexler
Roland Christensen
Jake Balser
Jacob Karam
Adam Lewis
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, Texas 77007
(713) 222-3800
(713) 222-3850 (facsimile)
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalswer@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com


/s/ *J. Mark Kressenberg*
J. Mark Kressenberg

3505817_1

5